### MANN v. PUSRIN et al.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

1. SALES ⊜⟞316(1)—VALIDITY—MISREPRESENTATION BY BUYER.

An action to replevin goods sold to an insolvent buyer can only be maintained where the buyer acted fraudulently, either by express representations which were fraudulent or by purchasing the goods, not only with knowledge of his insolvency, but with the intent not to pay for them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 891–895; Dec. Dig. ⊜⟞316(1).]

2. TRIAL ⊜⟞296(2)—INSTRUCTIONS—ERRORS—CURE BY OTHER INSTRUCTIONS—PREJUDICIAL ERROR.

In an action to replevin goods sold to an insolvent buyer, on the ground of fraudulent representations, error in a charge which told the jury that they must find for the plaintiff, if they found that the defendant knew that he was insolvent when he bought the goods, there being no evidence that the buyer bought the goods, not intending to pay for them, was not cured by a subsequent charge "that the mere fact that the defendant was insolvent does not mean that he did not intend to pay for the goods, and, if it is found that he did intend to pay, the contract was not vitiated, unless he made those statements."

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 708; Dec. Dig. ⊜⟞296(2).]

3. SALES ⊜⟞324(3)—FRAUD—RECOVERY OF GOODS—EVIDENCE.

In an action to replevin goods sold to an insolvent buyer, the fact that the notes which the buyer gave in payment for the goods bore no indorse-

⊜⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment, and therefore could not have been negotiated, could not be considered on the question of the credibility of the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 906; Dec. Dig.
☞324(3).]

Appeal from City Court of New York, Trial Term.

Action by Morris H. Mann against Barnett Pusrin, impleaded with Abner H. Pike, assignee for the benefit of creditors of Barnett Pusrin. Judgment for plaintiff, and defendant Pike appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

Williams, Folsom & Strouse, of New York City (Arthur D. Fisher, of New York City, of counsel), for appellant.

Wm. Jasie, of New York City (Bernard Gordon, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff, on or about July 15, 1915, sold to the defendant Pusrin a package of diamonds. The defendant Pusrin was insolvent on that date, and on July 25th made an assignment for the benefit of creditors to the defendant Pike. The plaintiff has replevined these diamonds, claiming that he was induced to sell to the defendant Pusrin by fraudulent representations as to his solvency.

[1] The only issue presented by the pleadings or the proof is whether the defendant made these fraudulent representations. The learned trial justice, however, by his charge, injected into the case another issue, and told the jury that they must find in favor of the plaintiff, if they find that Pusrin, when he bought the diamonds, knew that he was insolvent. Both sides are agreed that this is an incorrect statement of the law, and that an action for replevin can be maintained only where the purchaser acted fraudulently, either by making express representations which were fraudulent, or by purchasing the goods, not only with knowledge of his insolvency, but with the intention not to pay for the goods.

[2] The defendant's counsel duly excepted to the charge, and pointed out to the trial justice that it was inaccurate as a matter of law. The trial justice did not withdraw this portion of the charge; but he did, at the defendant's request, subsequently charge:

"That the mere fact that Mr. Pusrin was insolvent on that day does not mean that he did not intend to pay for the goods, and that, if it can be found that he had an intent to pay, the contract is not vitiated unless he made those statements."

These statements, charged at the request of the defendant, did not cure the original error. The jury were still left to consider an issue not raised by the pleadings, nor by the proof, for there is absolutely no evidence from which the jury could properly infer that Pusrin bought the diamonds with the intention not to pay for them.

[3] The trial justice also erred in telling the jury that they might consider, upon the question of the credibility of the parties, the fact that the notes which the defendant gave in payment for the diamonds bear no indorsements, and therefore could not have been negotiated.

. The defendant, as a matter of fact, never claimed that they had been negotiated, and no reasonable inference as to the truth of the defendant's story could be drawn from the fact that the notes could not in fact have been negotiated.

. Judgment, therefore, should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.